# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL NO. 15-510** |
| | § | |
| GREGG CARL BAIRD, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Gregg Carl Baird ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count **Three** of the Indictment. Count Three charges Defendant with Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2) and 2256(8)(A). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2.    The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2252A(a)(5)(B), 2252A(b)(2) and 2256(8)(A), is imprisonment of not more than 10 years and a fine of not more than $250,000. Because the Defendant has a prior conviction for possession of child pornography or other enumerated offenses, the **statutory** range of punishment for each violation of Title 18, United States Code, Section 2252A(a)(5)(B), 2252A(b)(2) and 2256(8)(A), is imprisonment of not less than 10 years nor more than 20 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of **at least** 5 years up to Life.  *See* Title 18, United States Code, sections 3559(a)(3) and 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.  *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).  Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

3.    The defendant understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep such information current in the jurisdictions where the defendant resides, is employed, and is a student.  The defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the defendant's name, residence, employment or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, specifically, Title 18, United

States Code, Section 2250, as well as applicable state statutes.

## Mandatory Special Assessment

4. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

5. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

3

**Waiver of Appeal and Collateral Review**

7.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel or to challenge an order that the federal sentence run consecutively to any state sentence(s), based on the same facts or circumstances, on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005).

4

Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Count Three of the indictment, **acknowledges his prior conviction for Possession of Child Pornography qualifies him for the enhanced punishment range, does not challenge that qualification,** persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)    At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c)    If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his/her role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas Only

11.    The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and

5

Defendant.  It does not bind any other United States Attorney.   The United States will bring this

plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting

offices, if requested.

### United States' Non-Waiver of Appeal

12.   The United States reserves the right to carry out its responsibilities under guidelines

sentencing.   Specifically, the United States reserves the right:

    (a)    to bring its version of the facts of this case, including its evidence file and
any investigative files, to the attention of the Probation Office in connection with
that office's preparation of a presentence report;

    (b)    to set forth or dispute sentencing factors or facts material to sentencing;

    (c)    to seek resolution of such factors or facts in conference with Defendant's
counsel and the Probation Office;

    (d)    to file a pleading relating to these issues, in accordance with section 6A1.2
of the United States Sentencing Guidelines and Title 18, United States Code,
section 3553(a); and

    (e)    to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, section 3553(a).    Defendant nonetheless

acknowledges and agrees that the Court has authority to impose any sentence up to and including

the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the

sentence to be imposed is within the sole discretion of the sentencing judge after the Court has

consulted the applicable Sentencing Guidelines.  Defendant understands and agrees that the

parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and

that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Three of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

This case was initiated pursuant to a nationwide investigation known as Operation Pacifier. Operation Pacifier targeted the users of a Tor network child pornography website ("Website "A") whose primary purpose was to advertise and distribute child pornography. Following the February 2015 arrest of the primary site administrator and seizure of the website, the site remained operating at an FBI facility in the Eastern District of Virginia until approximately March 4, 2015. During that time period, Title III Electronic Intercepts were conducted on the site to monitor users' communications and a Network Investigative Technique ("NIT") was deployed in an effort to defeat the anonymous browsing technology afforded by the Tor network and to identify the true IP addresses of site users. The NIT successfully revealed the actual IP addresses of more than 1,000 U.S.-based users who accessed the site. One such IP address came back a computer which was located at the Defendant's residence.

On August 20, 2015, FBI Special Agent Robert Guerra executed a search warrant at the Defendant's residence. The search warrant was obtained based on information that led investigators to believe that the Defendant was accessing files from a website known to contain child pornography. On February 27, 2015, the Defendant accessed a file containing an image that depicted 3 prepubescent boys engaged in explicit sexual activity. One child is on his back while performing oral sex on the second child, while the third child is inserting his penis into the anus of the child on his back. On March 4, 2015, the Defendant accessed a link that contained over 30 contact sheets of child pornography. A contact sheet is an image that displays several images as an array of thumbnails. Some of the images depicted a prepubescent male being anally penetrated by another child's penis. Other images depicted a male child being orally penetrated by an adult male's penis.

8

Post-Miranda, the Defendant admitted that he had downloaded and viewed child pornography from the internet.   The Defendant stated that he was released from prison for Possession of Child Pornography conviction about a year ago and started viewing child pornography again around February of 2015.   The Defendant further stated that he had used the HP 64GB thumb drive as recently as the night before to view and store child pornography.

A forensic exam was performed on the Defendant's HP 64GB thumb drive.   Agents found over 450 videos and over 2300 images of child pornography.   Several videos depicted the penetration of a minor under the age of 5 and the bondage of a child.

In 2010 Baird was convicted of child pornography felony offense in Brazos County, Texas.

The Defendant's HP 64GB thumb drive was manufactured outside of the state of Texas. Consequently, it traveled in interstate or foreign commerce.   Furthermore, the internet is a means or facility of interstate or foreign commerce.

### Breach of Plea Agreement

16.  If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

9

### Restitution, Forfeiture, and Fines – Generally

17.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21.    Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22.    Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: HP 64GB thumb drive.

23.    Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

11

25.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

26.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

27.   This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.


Filed at ___Houston___, Texas, on ___January 8___, 2016.

_____
Defendant


Subscribed and sworn to before me on ___January 8___, 2016.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK


By:   _____
Deputy United States District Clerk


APPROVED:

Kenneth Magidson
United States Attorney

By: _____          _____
Sherri L. Zack                                                       Josh Schaffer
Assistant United States Attorney                          Attorney for Defendant
Southern District of Texas


13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 15-510 |
| | § | |
| GREGG CARL BAIRD, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _____1-8-16_____
Attorney for Defendant                  Date

14

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          1-8-16
Defendant                                                Date

15